SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-1101

| | | |
|---|---|---|
| MARCOS WISE | | **Opinion Delivered** May 7, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, EIGHTH DIVISION [NO. 60JV2012-441] |
| V. | | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILD | | HONORABLE WILEY A. BRANTON, JR., JUDGE |
| | APPELLEES | |
| | | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Marcos Wise appeals the decision of the Pulaski County Circuit Court terminating his parental rights to his daughter, M.W. We affirm.

The Arkansas Department of Human Services (DHS) removed M.W. from her mother's custody due to inadequate supervision, drug use, and suspected sexual abuse. At the time of removal, Wise, who was not married to the mother, had established paternity, had been ordered to pay child support, and had visitation with M.W. After M.W. was removed from the mother, the circuit court directed DHS to provide appropriate services to Wise and establish supervised visitations between Wise and M.W. As the case progressed, however, Wise began to email, text, and phone M.W.'s therapist and use derogatory language toward her. The circuit court ultimately determined that Wise's behavior amounted to harassment

and ordered him to have no further contact with the therapist. While the case involving M.W. was ongoing in one division of the Pulaski County Circuit Court, a different division suspended Wise's visitation with one of his other children.

DHS ultimately filed a petition for termination of Wise's parental rights.[1] After a hearing, the circuit court entered a lengthy and detailed order granting the petition, finding that Wise had manifested the incapacity or indifference to remedy subsequent factors that arose after the removal of M.W. The court further noted that Wise had "credibility issues" and had not benefited from the services that DHS provided him. Moreover, the court found that M.W. was adoptable and that, if returned to Wise's custody, she faced the potential of emotional harm.

On appeal, Wise challenges the sufficiency of the evidence supporting the circuit court's findings on the risk of potential harm if M.W. were returned to him and the statutory grounds for termination. Because we are satisfied with the decision of the circuit court and the accompanying quantum of evidence and findings supporting the order, we affirm by memorandum opinion. *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985). The circuit court's decision terminating Wise's parental rights to M.W. is not clearly erroneous and is affirmed in all respects.

Affirmed.
WYNNE and VAUGHT, JJ., agree.
*Leah Lanford*, Arkansas Public Defender Commission, for appellant.
*Elisabeth Murphy McGee*, County Legal Operations; and *Chrestman Group, PLLC*, by: *Keith L. Chrestman*, for appellees.

---

[1]The circuit court also terminated the parental rights of M.W.'s mother, Christina Owens, but she is not a party to this appeal.